THE HONORABLE S. KATE VAUGHAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMEENA HUSSAIN, on behalf of herself and all others similarly situated,

Plaintiff,

v.

EMORTGAGE FUNDING, LLC,

Defendant.

Case No. 2:26-cv-02881-SKV

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

**NOTE ON MOTION CALENDAR:**
October 28, 2026

## I. RELIEF REQUESTED

Defendant eMortgage Funding, LLC ("Defendant") respectfully moves, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Civil Rule 7(j), for a brief extension of seven (7) days of its deadline to answer, move, or otherwise respond to the Complaint—from the current deadline of October 14, 2026, through and including October 21, 2026. Good cause supports the request: Defendant requires a short amount of additional time to complete its investigation of, and prepare its response to, the factual allegations in the Complaint. Counsel for Defendant has conferred with counsel for Plaintiff, who does not agree to this additional seven-day extension.



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ameena Hussain filed this putative class action against Defendant on August 13, 2026. The Complaint alleges that Defendant engaged in unlawful telemarketing in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Washington Automatic Dialing and Announcing Device Act, the Washington Commercial Electronic Mail Act, RCW 19.190.060, and the Washington Consumer Protection Act, RCW 19.86.010, et seq. Plaintiff seeks to represent a National Do-Not-Call Registry Class and a Washington CEMA Class, and seeks statutory damages, injunctive relief, and attorneys' fees and costs.

Defendant was served on August 17, 2026, and its original deadline to respond to the Complaint was September 14, 2026. On September 14, 2026, the parties filed a stipulated motion for a first extension of that deadline—Defendant's only prior request—explaining that Defendant was in the process of retaining local counsel admitted before this Court so that its Illinois counsel could seek admission pro hac vice. The Court granted that stipulated motion and extended Defendant's deadline to respond through October 14, 2026.

Defendant now requests a second, short extension of seven days. Defendant requires the brief additional time to complete its investigation of the factual allegations in the Complaint and to prepare a responsive pleading or motion. This is Defendant's second request for an extension of this deadline, and the requested extension will not affect any other deadline in this case.

## III. ARGUMENT

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may, for good cause, extend the time to act "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Defendant makes this request before expiration of its current October 14, 2026 deadline, so the good-cause standard governs.



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Good cause exists. Defendant seeks only a brief, seven-day extension to complete a reasonable investigation of the Complaint's factual allegations and to prepare its response. The additional time is modest, is sought in good faith and not for delay, and will not disturb any case schedule—no scheduling order has issued and no other deadline is affected. Granting the short extension will promote the just, efficient, speedy, and economical determination of this action by allowing Defendant to file a considered response to the putative class allegations.

Defendant submits this motion before its deadline expires. Counsel for Defendant conferred with counsel for Plaintiff regarding this request, and counsel for Plaintiff declined to agree to a second seven-day extension. Because the request is opposed, Defendant brings it by noticed motion for relief from a deadline and has noted it for consideration consistent with Local Civil Rule 7(d)(2).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court extend its deadline to answer, move, or otherwise respond to the Complaint by seven days, through and including October 21, 2026.

RESPECTFULLY SUBMITTED this 14th day of October, 2026.

*I certify that this motion contains 577 words, in compliance with the Local Civil Rules.*

CORR CRONIN LLP

*s/ Todd T. Williams*

Todd T. Williams, WSBA No. 45032
Mark Rutherford, WSBA No. 57519
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Tel. (206) 625-8600
twilliams@corrcronin.com
mrutherford@corrcronin.com

ARONBERG GOLDGEHN DAVIS & GARMISA

s/ Nathan H. Lichtenstein
Nathan H. Lichtenstein (*pro hac vice forthcoming*)
Khoa D. Trinh (*pro hac vice forthcoming*)
225 W. Washington St., Suite 2800
Chicago, IL 60606
Ph: (312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

*Attorneys for Defendant eMortgage Funding, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on October 14, 2026, and was served via the Court's CM/ECF system on all counsel of record.

DATED this 14th day of October, 2026.

*s/ Todd T. Williams*
Todd T. Williams, WSBA No. 45032



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900