UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMEENA HUSSAIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMORTGAGE FUNDING, LLC,<br><br>Defendant. | No. 2:26-cv-02881-SKV<br><br>**DEFENDANT EMORTGAGE FUNDING, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**NOTE FOR MOTION CALENDAR:** November 18, 2026 |

Defendant eMortgage Funding, LLC ("eMortgage"), by undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss Plaintiff's Class Action Complaint. Pursuant to the Court's Standing Order, undersigned counsel met and conferred with Plaintiff's counsel via videoconference on October 21, 2026, regarding the grounds for and relief sought in this Motion and Plaintiff objects. In support of this Motion, eMortgage states as follows:

## I. INTRODUCTION

Plaintiff's Complaint contains two counts. Count I seeks relief under the federal Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227(c)(5)), and Count II asserts



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

state claims under the Washington Consumer Electronic Mail Act ("CEMA") and the Washington Consumer Protection Act ("CPA"). Plaintiff's federal claim is predicated on a limited private right of action for a person who receives more than one telephone call "in violation of the regulations prescribed under this subsection." The National Do-Not-Call regulation Plaintiff invokes, 47 C.F.R. § 64.1200(c)(2), was adopted in 2003 following Congress' enactment of the separate Do Not Call Implementation Act, 15 U.S.C. § 6151 et seq. However, the regulation was not prescribed pursuant to the time-limited rulemaking authority conferred by § 227(c) and therefore falls outside the private remedy Congress authorized in § 227(c)(5). Because § 227(c)(5) does not privately enforce regulations promulgated under a separate statute, Count I fails as a matter of law.

Alternatively, even if the National Do-Not-Call regulation is privately enforceable, the relief sought in Count I must be narrowed because § 227(c)(5) does not authorize separate statutory damages for the two text messages alleged in the Complaint. Although the Ninth Circuit has recognized that text messages constitute calls under other provisions of the TCPA, the separate remedial language of § 227(c)(5)(B) presents a distinct question concerning which communications are independently compensable. Defendant further challenges the FCC's authority to extend § 227(c)'s residential-subscriber protections to wireless subscribers, to the extent that question remains open under controlling Ninth Circuit precedent.

Count II fails to state a claim under Washington law. The Washington Supreme Court has held that CEMA does not authorize an independent private damages action for ordinary



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

commercial text messages. *Wright v. Lyft, Inc.*, 189 Wn. 2d 718, 723–28 (2017). Plaintiff also fails to allege injury to business or property sufficient to support her Washington Consumer Protection Act claim under the reasoning of *Meade v. Profusion Cosmetics Corp.*, 2026 WL 2098093, at *2 (W.D. Wash. July 16, 2026). Alternatively, if the Court dismisses the sole federal claim, it should decline supplemental jurisdiction over Count II.

For these reasons, and as set forth below, eMortgage respectfully requests that the Court dismiss Count I with prejudice, dismiss the direct CEMA damages claim in Count II with prejudice, and decline supplemental jurisdiction over any remaining state-law claim.

## II. FACTUAL BACKGROUND

Plaintiff alleges that she is a Washington resident and that eMortgage is a Michigan limited liability company. Dkt. 1 ¶¶ 4–5. She invokes federal-question jurisdiction solely because the action arises under the TCPA. *Id.* ¶ 6.

The Complaint alleges that the telephone number at issue is "residential" and "non-commercial," that Plaintiff personally placed it on the National Do-Not-Call Registry on April 2, 2026, and that she has been the "user" of the number for approximately two years. *Id.* ¶¶ 20, 26–31. The Complaint does not allege that Plaintiff is the subscriber or account holder for the number.

Plaintiff alleges that eMortgage sent two text messages, on July 9 and July 13, 2026, and placed two voice calls on July 16, 2026. *Id.* ¶¶ 40–46. The Complaint further alleges that the text messages were intended for "Joanne," a person other than, and unknown to, Plaintiff. *Id.* ¶ 47. Plaintiff alleges that she did not consent to the communications. *Id.* ¶¶ 18, 50.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Count I asserts a claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), alleging that eMortgage made telemarketing solicitations to numbers on the National Do-Not-Call Registry. *Id.* ¶¶ 64–68.

Count II asserts violations of CEMA and the Washington Consumer Protection Act ("CPA"), RCW 19.190.060 and RCW 19.86, and seeks $100 for each text-message violation under RCW 19.190.040. *Id.* ¶¶ 69–73.

## III. LEGAL STANDARD

A complaint must contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). As one court in this District has explained, "When, as here, a fact is an element of the claim . . . it is insufficient for the plaintiff to merely recite that fact verbatim without other supporting details." *Blair v. Assurance IQ LLC*, No. C22-1314-JCC, 2023 WL 6622415, at *3 (W.D. Wash. Oct. 11, 2023) (quoting *Forney Indus., Inc. v. Daco of Mo., Inc.*, 835 F.3d 1238, 1243 (10th Cir. 2016)).

Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The Court may resolve questions of statutory interpretation on a Rule 12(b)(6) motion.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Following *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025), a district court adjudicating a TCPA enforcement action must interpret the statute independently rather than treat the FCC's interpretation as binding.

## IV. ARGUMENT

### A. Section 227(c)(5) Does Not Create a Private Right of Action to Enforce the National Do-Not-Call Regulation Promulgated Pursuant to the 2003 Do Not Call Implementation Act.

Section 227(c)(5) creates a private right of action only for a person who "has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). Congress did not create a freestanding private right of action to enforce every regulation promulgated by the Federal Communications Commission ("FCC"). Rather, Congress expressly limited the remedy to violations of regulations prescribed under § 227(c). That statutory limitation is dispositive here.

Section 227(c) contains a carefully defined delegation of rulemaking authority. Under § 227(c)(1), Congress directed the FCC to initiate a rulemaking proceeding within 120 days of the TCPA's enactment to consider methods of protecting residential telephone subscribers from unwanted telephone solicitations. Section 227(c)(2) then required the Commission to conclude that proceeding and prescribe implementing regulations no later than nine months after enactment. 47 U.S.C. § 227(c)(1)–(2).



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Unlike other provisions of the TCPA that confer continuing rulemaking authority without comparable temporal limitations, § 227(c)(1)–(2) expressly identifies both the proceeding to be conducted and the period within which Congress required its completion. Congress' inclusion of those deadlines must be given effect. Defendant submits that the authority conferred by these provisions was limited to the rulemaking Congress directed the FCC to complete in 1992, rather than an indefinite delegation permitting the Commission to create additional privately enforceable obligations under § 227(c).

The FCC complied with Congress' directive by initiating its rulemaking in April 1992 and adopting implementing regulations in September 1992. Although § 227(c)(3)–(4) contemplated the possibility of a national do-not-call database, the FCC declined to establish one. Instead, it adopted company-specific do-not-call requirements. Thus, the regulations promulgated through the original § 227(c) proceeding did not include the National Do-Not-Call Registry restriction upon which Plaintiff now relies.

More than a decade later, Congress enacted the Do Not Call Implementation Act of 2003, 15 U.S.C. § 6151 et seq. That legislation supplied a separate congressional directive requiring the FCC to issue regulations coordinating its telemarketing restrictions with the Federal Trade Commission's national do-not-call regime. Specifically, 15 U.S.C. § 6153 required the FCC to issue a final rule within 180 days and to coordinate with the FTC to maximize consistency between the agencies' regulations.

Congress therefore addressed national do-not-call regulation through a separate statutory enactment, rather than an amendment expanding § 227(c)(5)'s private right of



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

action. Although § 6153 expressly refers to the FCC's pending proceeding as one initiated under the TCPA, that reference does not necessarily establish that every regulation ultimately adopted pursuant to the 2003 Act was "prescribed under" § 227(c) for purposes of private enforcement.

Plaintiff may contend that the FCC's authority under § 227(c) and the separate directive contained in 15 U.S.C. § 6153 operated concurrently. But the existence of regulatory authority does not itself determine the availability of a private remedy. Section 227(c)(5) expressly limits private enforcement to regulations prescribed under that subsection. The question, therefore, is not simply whether the FCC possessed authority to regulate national do-not-call practices in 2003, but whether Congress authorized private enforcement of the particular obligations adopted pursuant to the later statutory directive. Reading § 227(c)(5) to encompass every subsequent rule arising from a TCPA-related proceeding would diminish the significance of Congress' express limitation.

Nor can the FCC's characterization of its own statutory authority resolve the question. In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Supreme Court reaffirmed that courts must exercise independent judgment in determining whether an agency has acted within its statutory authority. And in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), the Supreme Court confirmed that district courts adjudicating TCPA enforcement actions are not bound by the FCC's interpretation of the statute. Accordingly, the scope of § 227(c)(5)'s private right of action must be determined by the statute Congress enacted, not by the FCC's understanding of its regulatory authority.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

A recent federal court applying this statutory framework reached the same conclusion. In *Internicola v. MortgagePros, LLC*, No. 6:25-cv-01613-AGM-LHP, 2026 WL 3027393, at *3–4 (M.D. Fla. Sept. 24, 2026), the court concluded that the National Do-Not-Call regulations promulgated pursuant to the 2003 legislation were not privately enforceable through § 227(c)(5). Although not binding on this Court, that decision provides persuasive authority for giving effect to Congress' express limitation of the private remedy to regulations prescribed under § 227(c).

Here, Plaintiff's sole federal claim depends entirely upon alleged violations of 47 C.F.R. § 64.1200(c)(2). Dkt. 1 ¶¶ 64–68. Because § 227(c)(5) does not authorize private enforcement of the National Do-Not-Call regulation promulgated pursuant to the separate 2003 statutory directive, Count I fails as a matter of law and should be dismissed with prejudice.

**B. Section 227(c)(5) Does Not Authorize Separate Statutory Damages for Text Messages Merely Because Plaintiff Allegedly Received Two Voice Calls.**

Section 227(c)(5) establishes a limited private right of action for a person who "has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). The provision further authorizes statutory damages for "each such violation." *Id.* § 227(c)(5)(B). The scope of that private remedy must be determined from the language Congress enacted, rather than assumed to be coextensive with every category of communication regulated by the FCC.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Congress distinguished between telephone calls and text messages elsewhere in the TCPA. For example, § 227(e)(8) separately refers to calls made using voice services and text messages sent using text-messaging services. Section 227(i)(1) likewise distinguishes calls from text messages. Congress' use of different terminology demonstrates that it knew how to address both forms of communication expressly when it intended to do so. Yet § 227(c)(5) authorizes private recovery for receipt of more than one "telephone call," without separately identifying text messages.

The Seventh Circuit recently considered the significance of that distinction in *Steidinger v. Blackstone Medical Services*, 182 F.4th 532, 535–40 (7th Cir. 2026). Applying the ordinary meaning of the statutory language at the time of enactment, the court held that § 227(c)(5) does not create a private right of action for unsolicited text messages. The court distinguished the FCC's authority to regulate communications from Congress' authority to define the scope of a privately enforceable statutory remedy. *Id.*

The Ninth Circuit has recognized that a text message constitutes a "call" under § 227(b). *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 (9th Cir. 2009); *Howard v. Republican National Committee*, 164 F.4th 1119, 1123–24 (9th Cir. 2026). Those decisions, however, arose under § 227(b), whose private right of action is governed by § 227(b)(3). Neither decision interpreted the separate remedial language of § 227(c)(5)(B), which authorizes recovery for "each such violation" following receipt of more than one qualifying telephone call.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

A court in this district has extended that interpretation to § 227(c)(5), holding that text messages qualify as telephone calls under that provision. *Hopkins v. HomeLight, Inc.*, No. 26-cv-5017-BHS, 2026 WL 2017320, at *3–4 (W.D. Wash. July 13, 2026). The court concluded that the ordinary meaning of "call," as interpreted by *Satterfield* and *Howard*, applies equally to § 227(c). *Id.* at *3–4. *Hopkins*, however, addressed whether text messages qualify as calls under § 227(c)(5) in the first instance. It did not separately analyze whether § 227(c)(5)(B) authorizes additional statutory damages for text messages where the plaintiff independently satisfies the statute's numerical threshold through alleged voice calls. Defendant submits that the scope of separately compensable violations remains a distinct remedial question.

That distinction is material to the allegations here. Unlike a claim dependent entirely upon text messages to satisfy § 227(c)(5)'s numerical threshold, Plaintiff alleges two voice calls in addition to two text messages. Dkt. 1 ¶¶ 40–46. Defendant therefore does not ask the Court to decide whether text messages can ever constitute calls under the TCPA. Rather, assuming solely for purposes of this motion that the alleged voice calls satisfy the statute's numerical requirement, the narrower question is whether Congress authorized additional statutory damages for each text message under § 227(c)(5)(B).

The statutory threshold and the available remedy are related but analytically distinct inquiries. Satisfaction of the threshold establishes that a plaintiff may maintain an action; it does not necessarily establish that every additional communication regulated by the FCC constitutes a separately compensable violation. Congress expressly tied the private remedy to



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

violations involving the receipt of prohibited telephone calls. The phrase "each such violation" must be construed in the context of that limitation.

This interpretation gives independent effect to Congress' decision to use narrower language in § 227(c)(5) than it employed elsewhere when expressly addressing text messages. It also respects the distinction between an agency's authority to regulate particular communications and Congress' decision to authorize private statutory damages for specified conduct. See *Steidinger*, 182 F.4th at 535–40.

Accordingly, even if Plaintiff may maintain Count I based on the two alleged voice calls, Defendant submits that § 227(c)(5)(B) does not authorize additional statutory damages for the two text messages. The Court should therefore dismiss Count I to the extent it seeks separate statutory recovery predicated on those messages.

**C. The FCC Cannot Expand Section 227(c)'s Residential-Subscriber Protections Beyond Congress' Authorization.**

Section 227(c) protects "residential telephone subscribers," while Congress separately addressed cellular telephone service elsewhere in the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B). Nevertheless, the FCC presumed that wireless subscribers who register their numbers on the National Do-Not-Call Registry qualify as residential subscribers. *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd. 14014, 14039 ¶ 36 (2003).

Although the Ninth Circuit recognized that cellular numbers may qualify for residential protection under § 227(c), *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1224–25 (9th Cir. 2022), it did not independently decide whether the FCC possessed statutory authority



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to establish that presumption. Following *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), Defendant submits that the FCC cannot expand the statutory category of residential telephone subscribers beyond Congress' authorization. Defendant therefore requests dismissal on that alternative ground to the extent the issue remains open under *Chennette*.

Recent federal decisions have independently examined the scope of § 227(c)(5) following *Loper Bright* and *McLaughlin* and concluded that its private right of action does not extend to wireless subscribers. *See Anthony v. Brian Marketing Group*, 2026 WL 2685650 (S.D. Fla. Sept. 11, 2026); *Koeller v. OX AppSec Security, Inc.*, 2026 WL 2935851 (E.D. Mo. Sept. 30, 2026); *Lowrey v. Twilio, Inc.*, 2026 WL 2958730 (W.D. Va. Oct. 1, 2026). Those decisions provide persuasive support for Defendant's position that the FCC's 2003 presumption cannot expand the scope of the private remedy Congress authorized. Because Plaintiff is a wireless subscriber, and § 227(c)(5) does not cover subscribers of a cellular telephone service, Count I fails to state a claim.

**D. Count II Fails to State a Claim Under CEMA or the Washington CPA.**

Count II asserts claims under Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190.060, and the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW, seeking statutory damages under RCW 19.190.040. Compl. ¶¶ 69–73. Neither theory supports relief on the allegations presented.

First, CEMA does not create an independent private cause of action for monetary damages arising from ordinary commercial text messages. *Wright v. Lyft, Inc.*, 189 Wn.2d



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

718, 723–28, 406 P.3d 1149 (2017). Rather, independent damages actions under CEMA are limited to phishing violations under RCW 19.190.080 and .090. *Id.* Plaintiff alleges only text messages concerning mortgage financing options, not phishing. Accordingly, any independent claim for monetary damages directly under CEMA fails as a matter of law.

Second, Plaintiff fails to plead injury to business or property sufficient to support her CPA claim. A CPA claim ordinarily requires an unfair or deceptive act or practice, occurring in trade or commerce, affecting the public interest, injury to business or property, and causation. *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1116 (W.D. Wash. 2013). Plaintiff alleges only that Defendant's communications invaded her privacy and caused annoyance and harassment. Compl. ¶ 51. She identifies no monetary loss, diminution in property value, or other injury to business or property.

In *Meade v. Profusion Cosmetics Corp.*, 2026 WL 2098093, at *2 (W.D. Wash. July 16, 2026), the court required a plaintiff asserting a CEMA-based CPA claim to plead injury to business or property and causation independently of the alleged statutory violation. Plaintiff's allegations do not satisfy that requirement. Under the reasoning of *Meade*, Count II fails to state a claim under the CPA. Accordingly, Count II should be dismissed in its entirety.

**E. If the Court Dismisses Count I, It Should Decline Supplemental Jurisdiction Over Any Remaining CPA Claim.**

The Complaint invokes original jurisdiction only under 28 U.S.C. § 1331 based on the TCPA. Dkt. 1 ¶ 6. If Count I is dismissed, no federal claim remains. Under 28 U.S.C. § 1367(c)(3), the Court may decline supplemental jurisdiction when it "has dismissed all claims



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

over which it has original jurisdiction." That is the appropriate course here. The remaining Washington theory would present issues of Washington statutory law concerning CEMA and the CPA, while the case would no longer contain a federal merits claim. At this early stage, comity, judicial economy, and convenience favor dismissal of the remaining state-law claim without prejudice so it may be pursued, if at all, in state court.

**V. CONCLUSION**

For the foregoing reasons, Defendant eMortgage Funding, LLC respectfully requests that the Court dismiss Plaintiff's Class Action Complaint in its entirety or for such other and further relief as the Court deems just and proper.

DATED this 21st day of October, 2026.

*<u>/s/ Mark Rutherford</u>*
Todd T. Williams, WSBA No. 45032
Mark Rutherford, WSBA No. 57519
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600
twilliams@corrcronin.com
mrutherford@corrcronin.com

*<u>/s/ Nathan H. Lichtenstein</u>*
Nathan H. Lichtenstein (*pro hac vice* forthcoming)
Khoa D. Trinh (*pro hac vice* forthcoming)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
ktrinh@agdglaw.com
nlichtenstein@agdglaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, a true and correct copy of the foregoing DEFENDANT EMORTGAGE FUNDING, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed and served via CM/ECF to all parties of record.

DATED: October 21, 2026.

*/s/ Mark Rutherford*
Mark Rutherford, WSBA No. 57519



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900