THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMEENA HUSSAIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMORTGAGE FUNDING, LLC,<br><br>Defendant. | No. 2:26-cv-02881-LK<br><br>**DEFENDANT EMORTGAGE FUNDING, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Plaintiff's Brief in Response to Defendant's Motion to Dismiss ("Opp.") does not answer the principal question raised by Defendant's Motion: whether the National Do-Not-Call regulation adopted in 2003 falls within the private remedy authorized by 47 U.S.C. § 227(c)(5). Plaintiff relies on the FCC's continuing rulemaking authority and Congress's authorization of a national database, but neither establishes that the regulation is privately enforceable. That distinction matters because the FCC adopted the regulation following Congress's enactment of the Do-Not-Call Implementation Act.

Plaintiff also contends that Defendant cannot challenge the availability of separate statutory damages for text messages under Rule 12(b)(6). Ninth Circuit authority permits a pleading-stage challenge to damages unavailable as a matter of law. Defendant addresses these points below and otherwise relies on the arguments and authorities cited in the Motion.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# I. ARGUMENT

## A. Plaintiff's Reliance on the FCC's Rulemaking Authority Does Not Resolve the Scope of Section 227(c)(5)'s Private Remedy.

Plaintiff argues that § 227(c)(3) expressly contemplates a national Do-Not-Call database and that the FCC retained authority to establish that database after the initial rulemaking deadlines in § 227(c)(1)–(2). Opp. at 6–10. But Defendant's Motion concerns the scope of Congress's private remedy, not whether the FCC lacked authority to regulate telemarketing after 1992. Section 227(c)(5) authorizes private actions for violations of "the regulations prescribed under this subsection." Regulatory authority and private enforceability are distinct inquiries. In *Alexander v. Sandoval*, 532 U.S. 275, 284–86 (2001), the Supreme Court assumed the validity of regulations but held that the applicable private right of action did not extend to their enforcement. Similarly, in *Greene v. Sprint Communications Co.*, 340 F.3d 1047, 1050–52 (9th Cir. 2003), the Ninth Circuit held that the FCC's authority to promulgate payphone regulations did not itself authorize private enforcement. Both decisions recognize that the availability of a private remedy depends on Congress's statutory authorization, not merely the agency's authority to regulate.

Plaintiff's reliance on *Barnhart v. Peabody Coal Co.*, 537 U.S. 149 (2003), is inapposite. *Barnhart* addresses whether an agency retains authority to act after a statutory deadline; it does not determine whether regulations adopted thereafter fall within an existing private cause of action. Likewise, the FCC's general rulemaking authority under 47 U.S.C. § 201(b) does not independently expand the remedy Congress provided in § 227(c)(5).

Plaintiff correctly observes that § 227(c)(3) contemplated a national database. But Congress did not require the FCC to establish one, and the FCC declined to do so in its initial rulemaking. Congress subsequently enacted the Do-Not-Call Implementation Act, 15 U.S.C. § 6153, directing the FCC to complete its pending proceeding. The question is whether that



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

regulation is privately enforceable under § 227(c)(5) merely because the original subsection contemplated a database. *Internicola v. MortgagePros, LLC*, 2026 WL 3027393, at *3–4 (M.D. Fla. Sept. 24, 2026), concluded that it is not.

*Coffey v. Fast Easy Offer, LLC*, 178 F.4th 480 (9th Cir. 2026), did not deal with this question. Although *Coffey* described the National Do-Not-Call regulation as promulgated pursuant to § 227(c), the issue before the court was whether the alleged communications constituted "telephone solicitations." *Id.* at 481–84. The court expressly identified that as the sole issue contested on appeal. *Id.* at 483. Neither the original rulemaking deadlines nor the effect of the 2003 legislation on the scope of § 227(c)(5)'s private remedy was presented or decided. Accordingly, *Coffey* does not foreclose the statutory question addressed in *Internicola*.

**B. Plaintiff's Arguments Do Not Establish That Text Messages Are Separately Compensable Under Section 227(c)(5).**

Plaintiff argues that text messages constitute calls under Ninth Circuit precedent and that § 227(c)(5)(B) permits damages for "each such violation." Opp. at 14–17. But the statutory distinction discussed in Defendant's motion remains relevant. Section 227(a)(4) defines a "telephone solicitation" to include a telephone call or message. Section 227(c)(5), however, authorizes a private action for a person who has received "more than one telephone call" in violation of the prescribed regulations. Congress's use of different terminology raises a distinct question concerning the communications for which private statutory damages are available.

The Seventh Circuit addressed that distinction in *Steidinger v. Blackstone Medical Services, LLC*, 182 F.4th 532, 535–40 (7th Cir. 2026), concluding that § 227(c)(5)'s private remedy does not extend to unwanted text messages. Although *Steidinger* is not binding, its interpretation of § 227(c)(5) is persuasive. Neither *Satterfield* nor *Howard* addresses whether § 227(c)(5)(B) authorizes separate statutory damages for text messages. Nor did *Hopkins v.*



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*HomeLight, Inc.*, 2026 WL 2017320, at *3–4 (W.D. Wash. July 13, 2026), resolve that distinct remedial question, as Defendant explained in its opening motion. Dkt. 15 at 9–10.

Plaintiff alternatively argues that, even if text messages do not satisfy the statute's threshold requirement, they remain compensable as separate regulatory violations once two voice calls satisfy the statutory threshold. Opp. at 15–17. That reading assumes that the phrase "each such violation" authorizes damages for communications beyond those covered by the private remedy's operative language. But the damages provision must be read together with the statutory limitation defining the actionable conduct, not as an independent expansion of that remedy.

Plaintiff also argues that Rule 12(b)(6) cannot eliminate a damages theory while Count I otherwise survives. Opp. at 17–18. The Ninth Circuit has recognized that challenges to damages precluded as a matter of law are better suited to Rule 12(b)(6) or Rule 56 than Rule 12(f). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). District courts have likewise permitted Rule 12(b)(6) challenges where the legal availability of a particular damages category can be resolved at the pleading stage. *See, e.g., Gradney v. Polar Beverages*, 797 F. Supp. 3d 1016, 1034 (N.D. Cal. 2025).

Defendant does not seek a factual determination of damages. It asks the Court to decide whether § 227(c)(5)(B) authorizes separate statutory recovery for the two text messages. The existence of two alleged voice calls does not prevent the Court from resolving that legal question.

## II. CONCLUSION

For the foregoing reasons, and those stated in the Motion, Defendant respectfully requests that the Court grant its Motion to Dismiss.

The undersigned certify this memorandum contains 1,003 words in compliance with LCR 7(d)(4).



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 18th day of November, 2026.

*The undersigned certify that this motion contains 1028 words, in compliance with the Local Civil Rules.*

*/s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein (*pro hac vice*)
Khoa D. Trinh (*pro hac vice*)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
ktrinh@agdglaw.com
nlichtenstein@agdglaw.com

*/s/ Mark Rutherford*
Todd T. Williams, WSBA No. 45032
Mark Rutherford, WSBA No. 57519
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600
twilliams@corrcronin.com
mrutherford@corrcronin.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on November 18, 2026 and was served via the Court's CM/ECF system on all counsel of record.

DATED this November 18, 2026.

*/s/ Mark Rutherford*
Mark Rutherford, WSBA No. 57519



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900